Date signed December 03, 2007



_____
PAUL MANNES
U. S. BANKRUPTCY JUDGE

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF MARYLAND
### at Greenbelt

| In Re: | Case No. 06-12050PM |
|---|---|
| David Kabia, | Chapter 7 |
| Debtor. | |

### MEMORANDUM OF DECISION

This case comes before the court on the Debtor's objection to the Trustee's Final Report and Proposed Distribution to Creditors. The Debtor relies upon the case of <u>Staiano v. Cain (In re Lan Associates XI, L.P.)</u>, 192 F.3d 109, 116-17 (CA3 1999). The Debtor asserts that the payments to the secured creditors should not be considered in the calculations of the Trustee's compensation under § 326(a) of the Bankruptcy Code.

This case is governed by the provisions of § 326(a) of the Bankruptcy Code that provides as follows:

> In a case under chapter 7 or 11, the court may allow reasonable compensation under section 330 of this title of the trustee for the trustee's services, payable after the trustee renders such services, not to exceed 25 percent on the first $5,000 or less, 10 percent on any amount in excess of $5,000 but not in excess of $50,000, 5 percent on any amount in excess of $50,000 but not in excess of $1,000,000, and reasonable compensation not to exceed 3 percent of such moneys in excess of $1,000,000, upon all moneys disbursed or turned over in the case by the trustee to parties in interest, excluding the debtor, but including holders of secured claims.

The Trustee's compensation is likewise subject to § 330(a) of the Bankruptcy Code that instructs the court that the Trustee is entitled to only reasonable compensation.

In the first instance, the court finds that the Trustee's compensation request is reasonable in all respects. The work done by the Trustee resulted in payment in full to creditors filing timely claims and the partial payment to creditors filing untimely claims. In addition, the Debtor has also received some $26,000 following the efforts of the Trustee in disposing of the property in question.

The Debtor's reliance upon In re Lan Associates XI, L.P. is misplaced. As § 330(a)(7) of the Bankruptcy Code states: "In determining the amount of reasonable compensation to be awarded to a trustee, the court shall treat such compensation as a commission, based on section 326." Section 326 instructs the court that the Trustee's compensation is based ". . . upon all moneys disbursed or turned over in the case by the trustee to parties in interest, excluding the debtor, but including holders of secured claims." (emphasis added). In re Lan Associates XI, L.P. did not involve money turned over by the Trustee to a secured creditor. As the court explained, that case involved the Trustee's arrangement and negotiation of a credit bid transaction. Here, actual cash was turned over to the secured creditor. It is settled law that payments made by the Trustee through an escrow agent such as the attorney settling this real estate transaction qualify as money disbursed or turned over by the Trustee. See Blair v. Stratton (In re Blair), 329 B.R. 358 (9th Cir. BAP 2005); In re Rybka, 339 B.R. 464, 470 (BC N.D. Ill. 2006); In re Reid, 251 B.R. 512, 518 (BC W.D. Mo. 2000).

The court will enter an Order overruling the Objection to the Trustee's Final Report and Proposed Distribution and allowing the Trustee's compensation in full with a reduction to out-of-pocket expenses.

cc:    Keith R. Havens
Havens and Associates
2401 Research Blvd., Ste. 308
Rockville, MD 20850

Steven H. Greenfeld
Cohen, Baldinger & Greenfeld, LLC
7910 Woodmont Ave.
Suite 760
Bethesda, MD 20814

David Kabia
4302 Huntchase Drive
Bowie, MD 20720

Janet M. Nesse, Chapter 7 Trustee
Stinson Morrison Hecker, LLP
1150 18th Street, N.W.
Suite 800
Washington, DC 20036

Jamie Dibble
Stinson Morrison Hecker LLP
1150 18th Street, NW
Suite 800
Washington, DC 20036

**End of Memorandum Decision**